IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD G. CARLYLE, # N-77711, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1246-SMY |
| | ) |
| CALHOUN COUNTY TREASURER, | ) |
| CALHOUN COUNTY COMMISSIONER, | ) |
| CALHOUN COUNTY COURTS, | ) |
| CALHOUN COUNTY SUPERINTENDENT, | ) |
| and CALHOUN COUNTY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Donald Carlyle, currently incarcerated at Robinson Correctional Center,[1] brings this action for deprivations of his constitutional rights.[2] Plaintiff claims that Defendants caused him to be wrongfully arrested and incarcerated and defamed his character when they contributed to or allowed the issuance of a warrant for failure to appear in court that resulted in his arrest and temporary incarceration. Plaintiff's Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

---

[1] Plaintiff does not allege that his claims herein have any connection to his current confinement in Robinson Correctional Center.
[2] Plaintiff indicates that he is bringing his claims pursuant to the Federal Tort Claims Act, 1 28 U.S.C. §§ 1346, 2671–2680 (Doc. 1, p. 1). However, because Plaintiff is a state prisoner and names no federal entities in connection with his claims, the Court construes this case as a civil rights action brought pursuant to 42 U.S.C. § 1983.

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. A Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

## The Complaint

Plaintiff was released from prison on September 11, 2015, after serving a sentence at Pinckneyville Correctional Center. (Doc. 1, p. 5). During his time in the custody of the Illinois Department of Corrections, Plaintiff was aware that he had an outstanding warrant from Calhoun County for failure to appear on fines and court costs from a 2006 case for the obstruction of justice. *Id.* Plaintiff had filed a motion to quash that warrant, but his motion was denied. *Id.* Upon his release, Plaintiff had a "Blue I.D. Card," indicating that he had an outstanding warrant from Calhoun County. *Id.*

After his release, Plaintiff was arrested by Caseyville police on the Calhoun County warrant for failure to appear. *Id.* He was taken to St. Clair County Jail, where he posted bond and was released with a pending court date in Calhoun County. (Doc. 1, pp. 5-6). However, Plaintiff did not show up for the Calhoun County court hearing because "he called them and explained to them that the debt was sold and [he did]] not owe them any longer." (Doc. 1, p. 6).

After missing the court date, Plaintiff was arrested "on that warrant and was held for like 12 days in Jersey County Jail waiting to see a judge." *Id.* Plaintiff's father called and attempted to "explain they were wrong but they wouldn't listen." *Id.* When Plaintiff saw the judge in his case, he explained the situation. *Id.* The judge directed the clerk to look up whether Plaintiff's debt had been sold, and determined that it indeed had been. *Id.* Plaintiff was then released. *Id.*

Plaintiff asserts that "the person responsible should [have] quashed the warrant upon selling of the debt." *Id.* He alleges that the Calhoun County Treasurer was responsible for selling the debt to the collection agency and should have informed the Circuit Clerk to quash the warrant for F.T.A. on fines and court costs." (Doc. 1, p. 1). He also asserts that the Calhoun

County Commissioner/Superintendent was responsible for passing the law turning fines and court costs over to collection agencies and should have appointed someone to throw out or quash his warrant. (Doc. 1, p. 2). As for Calhoun County, Plaintiff alleges that they sold his debt to a collection agency but did not thereafter quash his warrant, resulting in his wrongful arrest and incarceration. *Id.*

Plaintiff seeks monetary relief for his "mental anguish, wrongful incarceration, loss of wages, defamation of character, and malicious prosecution." (Doc. 1, p. 7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourth Amendment claim for false/wrongful arrest, where Plaintiff no longer owed a debt to Calhoun County for fines and court costs, because the County sold its debt to a collection agency;
>
> **Count 2:** Fourth Amendment claim for false/wrongful imprisonment, where Plaintiff was jailed for 12 days based on the Calhoun County warrants that should not have been issued because Plaintiff no longer owed fines or costs to the County;
>
> **Count 3:** State tort claim for defamation of character in connection with Plaintiff's wrongful arrest and incarceration;

Counts 1 and 2 will be dismissed for failure to state a claim upon which relief may be granted. The state tort claim in Count 3 will be dismissed without prejudice because no viable federal claims will remain in the action, and the Court declines to assert supplemental

jurisdiction over Plaintiff's state-law claim under these circumstances.

## Dismissal of Count 1 – False/Wrongful Arrest

False arrest claims are often brought against the police officer who makes an arrest, which is not the case here. The applicable law provides that in order to prevail on a false arrest claim, the plaintiff must prove that he was arrested without probable cause. When a judge has issued a bench warrant for failure to appear, the warrant provides probable cause for the arresting officers to effectuate the arrest. Thus, a false arrest claim against the officers fails. *See United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001); *Corbett v. White*, No. 00 C 4661, 2001 WL 1098054, at *3-5 (N.D. Ill. Sept. 17, 2001).

Plaintiff contends that the warrants should not have been issued because after Calhoun County sold his debt to a collection agency, the county gave up its right to collect his fines and court costs. He maintains that after that transaction, the Calhoun County Circuit Court no longer had any reason to arrest him or to summon him to court regarding the debt and that the Calhoun County Treasurer should have informed the Circuit Clerk to quash the warrant and/or the Calhoun County Commissioner or Superintendent should have appointed someone to quash it.

When Plaintiff finally appeared in court and explained the situation to the judge, the judge released him. These facts suggest that the warrant lacked probable cause as to Plaintiff's obligation to pay Calhoun County for the debt. However, Plaintiff states that the original outstanding warrant was issued because he failed to appear in court after he had been ordered to do so. But the failure to appear, in and of itself, provided probable cause to support the issuance of a warrant, regardless of the status of the underlying criminal matter where Plaintiff had been ordered to pay fines and costs.

Moreover, the facts supplied in the Complaint do not support the theory that a defendant

*knowingly* issued a warrant, or allowed the issuance of Plaintiff's warrant without any legal basis to do so. Plaintiff's description of his in-court exchange with the judge and clerk in the Calhoun County Court regarding the fines and costs reflects that they made a mistake as to his obligation to the county, and therefore had to release him. A mistake implicates possible negligence, but negligence does not amount to a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Plaintiff very generally also claims that the Treasurer, Commissioner, and Superintendent should have somehow acted to ensure that the warrants were quashed based on the Treasurer's responsibility to sell the debt and the Commissioner's and Superintendent's original passage of the law directing the debt be sold. (Docs. 1-2). This is an entirely unsupported assertion. Even if they could be held responsible for these alleged failures, such failures would amount to negligence at most. There is no indication they failed to seek to have the warrants quashed maliciously, nor is there any indication that they were aware that Plaintiff had warrants outstanding or that outstanding warrants were not otherwise being quashed.

Further, in a § 1983 action, liability cannot attach against an individual defendant unless "the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff does not allege that the Treasurer, Commissioner, or Superintendent personally issued the warrants that led to his arrest or that they wrongfully arrested or incarcerated him.

With respect to Calhoun County Courts, the Seventh Circuit has expressly held that neither the State of Illinois nor its agencies is a "person" in the context of Section 1983 that is subject to liability under Section 1983. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (holding that the Illinois Department of Commerce and Community Affairs (IDCCA), as part of

the State of Illinois, was not a "person" within the meaning of Section 1983); *Omosegbon v. Wells*, 335 F.3d 668, 672-73 (7th Cir. 2003). Because it is an entity of the State of Illinois,³ Calhoun County Courts is not a person subject to suit under Section 1983. Therefore, it will be dismissed from this action with prejudice.

Finally, as to Calhoun County, "the Supreme Court has interpreted § 1983 to bar respondeat superior liability." *Daniel v. Cook County*, 833 F.3d 728, 733 (7th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95, 707 (1978)). The Court must therefore:

> look to see whether [Plaintiff] adequately pleaded a Section 1983 cause of action under *Monell*. A municipality, such as [Calhoun] County, may be liable for a Section 1983 violation: "(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'wide-spread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with 'final decision policymaking authority.'"

*Johnson v. Cook County*, 526 F. App'x 692, 695 (7th Cir. May 15, 2013) (citing *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995))) (internal citations omitted).

Here, Plaintiff does not claim that the alleged constitutional deprivations, his arrest and incarceration, resulted from any unconstitutional policy or practice of Calhoun County, or that anyone with "final decision policymaking authority" caused them. Instead, his allegations imply that his arrest and incarceration were based on a simple mistake – one that, if anything, would be attributed to the judge that issued the warrants and who is immune from suit based on judicial immunity. *See Carlyle v. Birch*, No. 17-cv-695-NJR, Doc. 11 (S.D. Ill. Aug. 10, 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270

---

³ *Eighth Judicial Circuit*, ILLINOIS COURTS, http://www.illinoiscourts.gov/CircuitCourt/CircuitMap/8th.asp#Calhoun

F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), cert. denied, 493 U.S. 956 (1989)). Additionally, because Plaintiff only seeks monetary relief and has failed to adequately plead a claim against the individual defendants, there can be "no viable *Monell* claim based on the same allegations." *Swanigan v. City of Chicago*, 775 F.3D 953, 962 (7th Cir. 2015) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). For these reasons, Plaintiff has failed to state a claim against Calhoun County, and **Count 1** will be dismissed.

### Dismissal of Count 2 – False/Wrongful Incarceration

Plaintiff's 12-day incarceration which followed his second arrest for failure to appear in court is the heart of this claim. As discussed under Count 1, Plaintiff no longer owed Calhoun County for the unpaid fines and court costs after his debt was purchased by the collection agency. However, failure to appear in court, when one has been ordered to appear by a judge, is in and of itself a valid basis for issuance of a warrant. When Plaintiff was arrested the first time, he posted bond and was released with instructions to appear in court in Calhoun County on a certain date. He admits that a second warrant was issued for his arrest when he did not appear as ordered. Plaintiff could have avoided his 12-day incarceration in Jersey County if he had chosen to appear. Had he done so, the sale of his debt to the collection agency would likely have been discovered at that time (as it was when Plaintiff was taken to court after his second arrest). Plaintiff had it in his power to avoid his second arrest and the incarceration that he now complains of. Instead, he compounded the problem by missing the court date after he bonded out.

Plaintiff's incarceration was a loss of liberty, which implicates Fourteenth Amendment due process protections. However, he was not deprived of liberty without due process of law. *See Baker v. McCollan*, 443 U.S. 137, 144 (1979) (so long as warrant complies with the

requirements of the Fourth Amendment, detention pursuant to warrant cannot give rise to a constitutional claim under § 1983). He received the process that he was due when he appeared before the judge, after which he was released.

Plaintiff also claims that he is owed damages for "malicious prosecution." (Doc. 1, p. 7). The Seventh Circuit, however, has determined that because Illinois recognizes a tort claim under state law for malicious prosecution, the availability of that state tort claim "knocks out any constitutional theory of malicious prosecution," because the state law remedy is adequate to satisfy due process. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). *See also Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]llegations that criminal proceedings were . . . based on false evidence or testimony . . . is, in essence, [a claim] for malicious prosecution, rather than a due process violation." (internal citation omitted)). This means that a malicious prosecution claim brought in a federal civil rights case must be dismissed, because the state court process is sufficient to adjudicate such a claim.

In any event, regardless of whether Plaintiff asserts his claim as one for false imprisonment, malicious prosecution, or some other theory, the fact remains that the named defendants in this action are either immune from a § 1983 suit for damages or did not and could not actually participate in Plaintiff's arrest and incarceration, as discussed above under Count 1. Accordingly, **Count 2** will also be dismissed.

**Dismissal of Count 3 – Defamation**

Under Illinois law, "[d]efamation is the publication of a false statement that "tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person." *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) (citing *Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006)). Some statements, such as one

"imputing the commission of a crime" are so obviously harmful to a person's reputation that they may be considered *per se* defamatory. *Tuite*, 866 N.E.2d at 121.

A federal district court that has original jurisdiction over a § 1983 claim will also have supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). That connection is present in Plaintiff's case. However, when all federal claims are dismissed by the district court, "the usual practice is to dismiss without prejudice state supplemental claims[.]" *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

The Court finds no reason to depart from this usual practice. Counts 1 and 2 shall be dismissed. Accordingly, Plaintiff's defamation claim in **Count 3** well be dismissed without prejudice to Plaintiff attempting to bring the claim in state court. Nothing herein shall be construed as a comment on the merits or timeliness of the state-law defamation claim, or on the applicability of the immunity doctrine in state court.

**Federal Tort Claim**

Plaintiff used this Court's standard complaint form when he prepared his pleading, and on the first page, he checked the box to indicate that he was bringing a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* (Doc. 1, p. 1). The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state or county officials. The only named defendants herein are state and county officials. Therefore, Plaintiff's claim does not fall within the jurisdiction of the FTCA. Any claim

Plaintiff may seek to bring under the FTCA against the named defendants is therefore dismissed with prejudice.

**Leave to Amend**

Because each of the claims in Plaintiff's Complaint shall be dismissed, the Court must consider whether to allow Plaintiff to submit an amended complaint in an effort to state a viable claim. Under the facts of this case, the Court finds that any amendment would likely be futile. The named Defendants are either immune from suit or cannot be implicated for the constitutional deprivations alleged because they did not participate in them. Additionally, if Plaintiff were to assert claims against the officers who arrested him or the jailers who detained him pursuant to the warrants for failure to appear, those officials would have the defense that they acted in accordance with a lawfully issued warrant, thus defeating Plaintiff's claim. *See Baker v. McCollan*, 443 U.S. 137, 144 (1979) (where warrant conforms to Fourth Amendment requirements, detention pursuant to warrant cannot support a constitutional claim under § 1983).

Leave to amend a complaint need not be granted when such amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). *See also Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile"). Though the Court suspects that any amendment would be futile in this case, it will grant Plaintiff leave to amend once out of an abundance of caution.

**Pending Motions**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d

847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, there is no indication whether Plaintiff has attempted to obtain counsel on his own, or has been effectively precluded from doing so. Because Plaintiff has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Therefore, Plaintiff's motion for the appointment of counsel is **DENIED** without prejudice.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is also **DENIED** as moot. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**COUNTS 1 and 2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**COUNT 3** is **DISMISSED** without prejudice to Plaintiff bringing the claim in state court.

**CALHOUN COUNTY TREASURER**, **CALHOUN COUNTY COMMISSIONER**, **CALHOUN COUNTY SUPERINTENDENT**, and **CALHOUN COUNTY** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**CALHOUN COUNTY COURTS** is **DISMISSED** with prejudice from this action because it is immune from a suit for money damages.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **January 18, 2018.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted with respect to this case.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-1246-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to Plaintiff's false arrest and imprisonment claims will be severed into new cases, new case numbers will be assigned, and

additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: December 21, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**