IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD G. CARLYLE, # N-77711, )
)
        Plaintiff, )
)
vs. ) Case No. 17-cv-1246-SMY
)
LISA ROTH, )
and CALHOUN COUNTY, )
)
        Defendants. )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Donald Carlyle, currently incarcerated at Robinson Correctional Center,[1] filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on November 15, 2017. Plaintiff's Complaint (Doc. 1) was dismissed for failure to state a claim upon which relief could be granted. (Doc. 11). He was given leave to file a First Amended Complaint, which he did on January 11, 2018. (Doc. 14). In his First Amended Complaint, Plaintiff claims that Defendants caused him to be wrongfully arrested and defamed his character when they failed to notify Calhoun County Courts that his debts had been sold. *Id.* The First Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

---

[1] Plaintiff does not allege that his claims herein have any connection to his current confinement in Robinson Correctional Center.

1

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

After fully considering the allegations in Plaintiff's First Amended Complaint, the Court concludes that this action is subject to summary dismissal.

**The First Amended Complaint**

In his First Amended Complaint (Doc. 14), Plaintiff makes the following allegations: Calhoun County sold Plaintiff's fines and court costs to a collection agency. (Doc. 14, p. 5). The County Treasurer, Lisa Roth, collected the debt, but "was negligent in contacting" Plaintiff

to tell him his debt was sold and did not contact the Calhoun County Courts to notify them that Plaintiff's debt was collected and that his warrant should be lifted. *Id.* This resulted in Plaintiff's arrest. *Id.* Plaintiff was "made to bond out" for $250 and lost his job due to Roth or Calhoun County's failure to notify the Calhoun County Courts that they sold Plaintiff's debt. *Id.*

Plaintiff seeks monetary damages from the defendants. (Doc. 14, p. 7).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Fourth Amendment claim for false/wrongful arrest, where Plaintiff no longer owed a debt for fines and court costs because Calhoun County sold its debt to a collection agency;
>
> **Count 2:** Eighth Amendment claim for cruel and unusual punishment based on Plaintiff's false/wrongful arrest, resulting in him losing his job and paying $250 to bond out.
>
> **Count 3:** State tort claim for defamation of character in connection with Plaintiff's false/wrongful arrest.
>
> **Count 4:** State tort claim for negligence in connection with Plaintiff's false/wrongful arrest.

Counts 1 and 2 shall be dismissed for failure to state a claim upon which relief may be granted. The state tort claims in Counts 3 and 4 shall be dismissed without prejudice because no viable federal claims will remain in the action, and the Court will not assert jurisdiction over a state-law claim under these circumstances. Any other intended claim that has not been

recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

**Dismissal of Count 1 – False/Wrongful Arrest**

As was noted in this Court's previous Dismissal Order (Doc. 11), false arrest claims are often brought against the police officer who makes an arrest, which is not the case here. The applicable law provides that, in order to prevail on a false arrest claim, the plaintiff must prove that he was arrested without probable cause. Where a judge has issued a bench warrant for failure to appear, that warrant provides probable cause for the arresting officers to make the arrest, so a false arrest claim against the officers would fail. *See United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001).

Plaintiff asserts that that the warrants should not have been issued because after Calhoun County sold his debt to a collection agency, the County gave up its right to collect Plaintiff's fines and court costs. Specifically, he maintains that after that transaction, the Calhoun County Courts no longer had any reason to arrest him or summon him to court regarding the debt. He further asserts that the Calhoun County Treasurer, Lisa Roth, or Calhoun County itself should have instructed the Calhoun County Courts to quash the warrant.

The facts supplied in the First Amended Complaint do not suggest that a defendant knowingly issued a warrant, or allowed the issuance of Plaintiff's warrant, without any legal basis to do so. Plaintiff very generally claims that Roth and Calhoun County should have somehow acted to ensure the warrants were quashed, but this is an entirely unsupported opinion as to how this government official and entity should have carried out their jobs and/or functions. Even if they could be held responsible for these alleged failures, the omissions would at most constitute negligence, which is insufficient to support a claim under § 1983. *See Daniels v.*

*Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Moreover, there is no indication they maliciously failed to seek to have the warrants quashed, nor is there any indication that they were aware Plaintiff had warrants outstanding or that outstanding warrants were not otherwise being quashed.

Additionally, in a § 1983 action, liability cannot attach against an individual defendant unless "the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff does not allege that Roth or Calhoun County issued the warrants that led to his arrest or wrongfully arrested him. Therefore, there is no plausible indication that these defendants "caused or participated in" Plaintiff's arrest and incarceration, which are the alleged underlying constitutional deprivations in this case.

Finally, as to Calhoun County, as noted in this Court's previous Dismissal Order (Doc. 11), "the Supreme Court has interpreted § 1983 to bar respondeat superior liability." *Daniel v. Cook County*, 833 F.3d 728, 733 (7th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95, 707 (1978)). The Court must therefore:

> look to see whether [Plaintiff] adequately pleaded a Section 1983 cause of action under *Monell*. A municipality, such as [Calhoun] County, may be liable for a Section 1983 violation: "(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'wide-spread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with 'final decision policymaking authority.'"

*Johnson v. Cook County*, 526 F. App'x 692, 695 (7th Cir. May 15, 2013) (citing *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995))) (internal citations omitted). Plaintiff does not claim that his arrest resulted from any unconstitutional policy or practice of Calhoun County, or that anyone with "final decision policymaking authority" caused it. Instead, his allegations imply that his arrest was based on a

simple mistake; one that if anything, would be attributed to the judge that issued the warrants who would be otherwise immune from suit based on judicial immunity. *See Carlyle v. Birch*, No. 17-cv-695-NJR, Doc. 11 (S.D. Ill. Aug. 10, 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Because Plaintiff only seeks monetary relief, and he has failed to adequately plead a claim against the individual defendants, there can be "no viable *Monell* claim based on the same allegations." *Swanigan v. City of Chicago*, 775 F.3D 953, 962 (7th Cir. 2015) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

Based on the foregoing, Plaintiff has failed to state a colorable Fourth Amendment claim against the defendants. **Count 1** will therefore be dismissed.

### Dismissal of Count 2 – Cruel and Unusual Punishment

As discussed under Count 1, the named defendants did not actually participate in Plaintiff's arrest and were, at best, merely negligent in failing to communicate to the relevant authority that Plaintiff's debts were paid. Accordingly, **Count 2** will also be dismissed for failure to state a claim upon which relief may be granted.

### Dismissal of Counts 3 and 4 – Defamation and Negligence

A federal district court that has original jurisdiction over a § 1983 claim also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

The required connection is present in Plaintiff's case. However, when all federal claims are dismissed by the district court, "the usual practice is to dismiss without prejudice state supplemental claims[.]" *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). The Court has no reason in this case to depart from the usual practice. As Counts 1 and 2 are being dismissed, Plaintiff's defamation claim in **Count 3** and negligence claim in **Count 4** will be dismissed without prejudice to Plaintiff attempting to bring the claims in state court. Nothing herein shall be construed as a comment on the merits or timeliness of the state-law claims.

### Leave to Amend

Because each of the claims in Plaintiff's First Amended Complaint are being dismissed, the Court must once again consider whether to allow Plaintiff to submit an amended complaint in an effort to state a viable claim. Leave to amend a complaint need not be granted when an amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994); *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile").

Under the facts of this case, the Court finds that amendment would in fact be futile. Plaintiff's First Amended Complaint is, in essence, a less detailed version of his original Complaint which was dismissed for failure to state a claim upon which relief may be granted. Generally, an amended complaint that states the same facts using different language is considered to be futile. *Garcia v. City of Chicago*, *Ill.*, 24 F.3d 966, 970 (7th Cir. 1994). That reasoning applies to this case.

The named defendants cannot be implicated for the constitutional deprivations alleged because they did not actually participate in them. Even if Plaintiff were to assert claims against

7

the officers who arrested him or the jailers who detained him pursuant to the warrants, those officials would be entitled to the defense that they acted in accordance with a lawfully issued warrant, thus defeating Plaintiff's claim. *See Baker v. McCollan*, 443 U.S. 137, 144 (1979) (where warrant conforms to Fourth Amendment requirements, detention pursuant to warrant cannot support a constitutional claim under § 1983). For these reasons, Plaintiff will not be given another opportunity to amend.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**COUNTS 1 and 2** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**COUNTS 3** and **4** are **DISMISSED** without prejudice to Plaintiff bringing these claims in state court.

**LISA ROTH** and **CALHOUN COUNTY** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee **regardless** of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*,

133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

This dismissal **shall** count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 5, 2018**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**